'Gaston, Judge.
 

 This cause was formerly before us on 'the appeal of the plaintiff, (see ante, vol. 1, 362,) when -the judgment rendered in the Superior Court was reversed, and the cause remitted to that Court for a second trial. Upon that trial, the issues were, found for the plaintiff,
 
 *278
 
 and judgment rendered in his favour; and thereupon the defendant appealed to this Court.
 

 One of those issues arose on the plea of the defendant of . 1 . a former judgment rendered in the Superior Court of Pitt-sylvania, in the state of Virginia, in an action between the same parties, for the same breach of covenant now complained of by the plaintiff. To this plea the plaintiff had replied
 
 nul tiel record.
 
 On the trial, the defendant introduced the transcript of a record from the Court of Pitt-sylvania, whereby it appeared, that the plaintiff therein declared against the defendant for the same breach of covenant; that the defendant by his plea denied the breach, and issue being joined “ by consent of the parties, it is ordered by the Court that this cause be dismissed, and the defendant do pay to the plaintiff his costs by him in this behalf expended.” The Court being of opinion that the entry or order aforesaid was not a judgment rendered for either parly upon the matters then in suit between them, adjudged that there was no such record as that alleged in the defendant’s plea. The correctness of this judgment depends entirely upon the effect which, by the laws of Virginia, is given to such an order of dismission. It appears from the testimony of two attorneys and coun-sellors of law in that state, which is made a part of this case, that it is not there regarded as a judgment; and that it is understood to have been decided not to have the effect of a judgment, by the Supreme Court of Virginia, in the case of
 
 Coffman and Richardson
 
 v.
 
 Russell,
 
 reported in 4th Munford, 207. We have examined the case referred to. It is not precisely in point, but authorizes, we think, the opinion expressed by these gentlemen, that the order or entry now under consideration, by the laws of Virginia does not amount to a
 
 retraxit;
 
 nor is it a judgment in favour of either party, so as to bar a subsequent suit for the same cause of action.
 

 The defendant in this case had further pleaded, that before the institution of this action, the defendant had paid to the plaintiff, the sum of seven dollars, seventy-six cents: and the plaintiff had received the same in satisfaction and discharge of the damages sustained by the plaintiff
 
 *279
 
 by reason of the breach of covenant complained of. Issue being joined on this plea, the defendant exhibited to the jury the transcript of the record from Virginia, by which it further appeared, that after the order of dismission, the costs of suit had been taxed to the sum of seven dollars seventy-six cents ; and the same were accordingly paid by the defendant. It was thereupon prayed by the defendant, that the jury should be instructed, that the matters so appearing on the record aforesaid did show an accord and satisfaction which barred this action. The instruction being refused, the defendant then prayed of the Court to instruct the jury, that the same were
 
 prima facie■
 
 evidence of an accord and satisfaction, and entitled the defendant to a verdict on the issue, unless such
 
 prima facie
 
 evidence was rebutted by proof. The Court refused also to give this instruction. We are of opinion, that there was no error in refusing these instructions.. There certainly appears on the Virginia record an agreement between the parties, that the defendant should pay the costs of the suit so dismissed; but we cannot see on it an agreement that the same should be paid in
 
 satisfaction
 
 of the
 
 damages
 
 incurred by the defendant’s breach of his covenant. Costs are a part of damages, when the term damages is used in its more general sense, and are distinct from damages when the word is used in its restricted or relative meaning. In judicial entries, “ costs” imply the mere •expenses of the action, and not the damages complained of in the plaintiff’s writ and declaration, but when awarded to the plaintiff by the Court, are in addition to these damages. It may have been, that the parties agreed to compromise the plaintiff’s claim, upon the defendant’s paying the costs of the action ; and thus constituted the amount of these costs the measure of the damages he wTas. to receive for the alleged breach of covenant. There is nothing on the record inconsistent with such an agreement, and either party was at liberty by extrinsic proof to show the full agreement between them. But no extrinsic evidence being offered on either side, the Court must presume that the parties knew that the order made at their request, amounted to no more than a discontinuance
 
 oC
 
 
 *280
 
 the action, which left unimpaired the plaintiff’s right to damages, to be asserted, if he thought proper, in another action, — must intend them to have agreed for such a discontinuance, and could no,t infer, or instruct the jury to infer therefrom a further agreement, giving to the transaction an effect different from that which the law assigned to it.
 

 Pur Curiam- Judgment affirmed.